PETER SAMUELS, Appellant, v. W. V. SHIPLEY & COMPANY.

Guaranty:   CHANGE BY TERMS OF BILL SUBSEQUENTLY SENT:   *Notice to seller.*  Where defendant in ordering ladies' jackets, exacted a guaranty from plaintiff that they would fit his customers, the contract was not changed by a printed head line in plaintiff's bill of goods requiring notice at once if they did not conform with the terms of the contract.

Return Within Reasonable Time:   JURY QUESTION:   *Review on appeal.*  Where the evidence showed that it was customary to allow buyers of ladies' jackets a reasonable time to inspect them and try them on, and the jury found that the jackets were tested and returned within a reasonable time, such verdict will not be disturbed on appeal for not conforming to the guaranty of the seller.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, DECEMBER 22, 1900.

THE defendant ordered some ladies' jackets, which were delivered August 15, 1897.   About September 29th these were returned to the plaintiff, who refused to receive them, and in this action he seeks to recover their value.—*Affirmed.*

*Geo. W. Ward* for appellant.

*E. M. Williams* for appellee.

LADD, J.—The memorandum of the goods purchased, signed by the plaintiff's agent, was in no sense a written contract.   Nor is plaintiff in a situation so to claim, as this would inevitably defeat his action, based solely on an oral sale. The defendant pleaded that in ordering the jackets he exacted a guaranty that they would fit his custo-

mers. If so, then this could not be obviated by headlines in plaintiff's bill of the goods demanding notice at once if they did not conform with the terms of purchase. See *Becker v. Calderwood,* 102 Iowa, 532. Without defendant's assent the conditions of the agreement could not be changed by such a communication. As no time was fixed, defendant was entitled to a reasonable opportunity of inspecting the jackets, and it is not perceived how this could well have been accomplished without the test of trying them on. That this was customary the evidence tended to show, and with the jury's conclusion that there was a guaranty, and that the jackets were tested and returned within a reasonable time, we cannot interfere. That he might elect to rescind the contract, and return the goods, is too well settled for discussion. There was no evidence of an estoppel, and the instructions were correct. —AFFIRMED.